UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SAMUEL LEWIS TAYLOR, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:15CV1618 JCH |
| TROY STEELE, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff moves for reconsideration of the Court's Order finding that his complaint failed to state a claim and directing him to submit an amended complaint. The motion is granted. After reviewing the complaint, the Court finds that process should be issued on defendants Michael Miller, Jason Crawford, Clive Hedrick, Eric Dunn, John Schneedle, and Unknown Culton.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

## The Complaint

Plaintiff was incarcerated at Potosi Correctional Center ("PCC") during all times relevant to the complaint. Defendants are officials there. Plaintiff alleges that defendants Miller, Crawford, Hedrick, Dunn, Scheele, and Culton retaliated against him for filing lawsuits against prison officials by filing false conduct violations, taking items from his cell, placing him in administrative segregation, and transferring him to another institution.

Plaintiff complains that the food at PCC was contaminated and that it made him sick. He says he informed defendant Troy Steele but that Steele did not rectify the situation.

Plaintiff claims that he vomited blood as a result of eating the contaminated food. He alleges that he asked Culton to notify medical personnel but that Culton refused to do so.

## Discussion

The Court finds that plaintiff's claims against defendants Michael Miller, Jason Crawford, Clive Hedrick, Eric Dunn, John Schneedle, and Unknown Culton, in their individual capacities, survive § 1915(e) review and should not be dismissed at this time.

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri.

2

*Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, the complaint fails to state a claim upon which relief can be granted against defendants in their official capacities.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) ("a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability."). In the instant action, plaintiff has not set forth any facts indicating that defendants Troy Steele or Carl Gravett were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted against these defendants, and they are dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration [ECF No. 5] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court's Order dated November 2, 2015, is **VACATED, in part**, in accordance with the terms of this Order. Plaintiff must comply with the filing fee requirements stated in the Order.

**IT IS FURTHER ORDERED** that the Clerk is directed to serve process on defendants Michael Miller, Jason Crawford, Clive Hedrick, Eric Dunn, John Schneedle, and Unknown Culton (Correctional Officer I) in accordance with the Court's waiver agreement with the Missouri Department of Corrections.

**IT IS FURTHER ORDERED** that plaintiff's official-capacity claims are **DISMISSED**.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants Troy Steele and Carl Gravett are **DISMISSED** without prejudice.

An Order of Partial Dismissal will be filed separately.

Dated this 10th day of November, 2015.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE